UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.: 3:05-CR-72-TAV-CCS-1 |
| MARCUS FLOWERS, | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on defendant's pro se motion for early release [Doc. 46]. Defendant does not state the statutory basis for the relief he seeks, so the Court treats the motion as one for compassionate release pursuant to 18 U.S.C. § 3582.[1] The United States has filed its response in opposition [Doc. 49] arguing defendant has not exhausted his administrative remedies. In light of defendant's failure to meet the First Step Act's mandatory exhaustion requirement, defendant's motion will be **DENIED without prejudice**.

---

[1] Defendant's motion references the recent non-retroactive changes to 18 U.S.C. § 924(c). Before the First Step Act, a defendant's first § 924(c) conviction carried a mandatory-minimum sentence of five years' incarceration, and each additional § 924(c) conviction carried a sentence of twenty-five years' incarceration, even if the defendant's § 924(c) convictions were part of the same indictment. 18 U.S.C. § 924(c) (2015). Under the First Step Act's new framework, only a defendant who has a prior final § 924(c) conviction is subject to the escalating mandatory-minimum sentences for a subsequent § 924(c) conviction. First Step Act, § 403(a) (codified at 18 U.S.C. 924(c)(1)(C)). The changes do not apply to this defendant, as he had already been sentenced prior to the First Step Act's passage. First Step Act, § 403(b) (codified at 18 U.S.C. § 924 notes).

## I.     First Step Act

A court generally lacks "the authority to change or modify [a sentence, once imposed,] unless such authority is expressly granted by statute." *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013) (citing *United States v. Curry*, 606 F.3d 323, 326 (6th Cir. 2010)). The First Step Act of 2018's amendment of § 3582(c)(1)(A) revised one such exception. First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (2018). Prior to the First Step Act, a district court could grant relief under § 3582(c)(1)(A) only on motion of the Director of the Bureau of Prisons. Now a court may modify a defendant's sentence upon a motion by a defendant if the defendant has exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or after the lapse of thirty (30) days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A).

If the defendant surmounts this preliminary hurdle, the Court may grant a sentence reduction "after considering the factors set forth in section 3553(a) to the extent that they are applicable" if it finds:

> (i) extraordinary and compelling reasons warrant such a reduction; or
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

*Id*.

2

If the exhaustion requirement is satisfied, courts must then follow the statute's three-step test:

> At step one, a court must "find[ ]" whether "extraordinary and compelling reasons warrant" a sentence reduction. At step two, a court must "find[ ]" whether "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The Commission's policy statement on compassionate release resides in U.S.S.G. § 1B1.13. Thus, if § 1B1.13 is still "applicable," courts must "follow the Commission's instructions in [§ 1B1.13] to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." At step three, "§ 3582(c)[(1)(A)] instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by [steps one and two] is warranted in whole or in part under the particular circumstances of the case."

*United States v. Jones*, 980 F.3d 1098, 1107-08 (6th Cir. 2020) (internal citations omitted). "In cases where incarcerated persons [as opposed to the Bureau of Prisons] file motions for compassionate release, federal judges may skip step two of the § 3582(c)(1)(A) inquiry and have full discretion to define 'extraordinary and compelling' without consulting the policy statement § 1B1.13." *Id.* at 1111. In considering a compassionate release motion, "district courts may deny compassionate release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others" but must "address all three steps" if granting such a motion. *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021).

## II. Analysis

In addressing a motion for compassionate release, the Court first examines whether defendant has satisfied § 3582(c)(1)(A)'s exhaustion requirement, which is a mandatory prerequisite to consideration of a compassionate release request on the merits. *United*

3

*States v. Alam*, 960 F.3d 831, 833–34 (6th Cir. 2020). "When 'properly invoked,' mandatory claim-processing rules 'must be enforced.'" *Id.* at 834 (quoting *Hamer v. Neighborhood Hous. Servs. of Chi.*, 138 S. Ct. 13, 17 (2017)). The only exceptions to such a mandatory claim-processing rule are waiver and forfeiture. *Id.* (citing *United States v. Cotton*, 535 U.S. 625, 630 (2002)).

In this instance, there is no indication that defendant exhausted his administrative remedies. The government contends that defendant has not alleged or established that he satisfied this requirement and indicates that it does not waive the same [Doc. 49]. In the absence of evidence of administrative exhaustion, or a waiver of that requirement by the government, defendant's motion seeking compassionate relief must be **DENIED without prejudice**.

### III.    Request to Appoint Counsel

Defendant's motion also asks the Court to appoint counsel to assist him [Doc. 46]. The Court notes that Standing Order 21-09 appoints Federal Defender Services of East Tennessee ("FDSET") to assist defendants, in appropriate cases, with compassionate release motions. In light of that fact, defendant's request to appoint counsel is **DENIED as moot**.

### III.    Conclusion

For the reasons discussed more fully above, defendant's motion [Doc. 46] is **DENIED without prejudice**. To the extent that defendant seeks compassionate release, he must first exhaust his administrative remedies. To the extent that defendant seeks relief

4

under some other statutory basis, he may file a renewed motion setting forth the statutory basis for the relief he seeks.

IT IS SO ORDERED.

s/ Thomas A. Varlan<br>UNITED STATES DISTRICT JUDGE